(C. D. 1591)

GEORGE E. BARDWIL & SONS *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 24, 1954)

*John D. Rode* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: The suit listed above was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties upon an importation of cotton and flax articles. The collector classified said merchandise as cotton and flax articles, ornamented, and levied duty thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930. Plaintiff claims said merchandise "is properly dutiable at only 70% under Par. 1529 (a) and T. D. 51802 as ornamented articles or fabrics, not in part lace, in chief value of cotton or vegetable fiber other than cotton."

This case has been submitted for decision upon a stipulation, the pertinent part of which is as follows:

* * * that the merchandise the subject of this protest, assessed with duty at the rate of 90 per centum ad valorem under the provisions of Paragraph 1529 (a), Tariff Act of 1930, consists of banquet sets and luncheon sets, in chief value of cotton or flax, ornamented, not in part of lace and not wearing apparel, which merchandise was the growth, produce, or manufacture of Madeira, Portugal, and which was entered for consumption on August 9, 1951, * * *.

Paragraph 1529 (a) of the Tariff Act of 1930, so far as here pertinent, is as follows:

* * * fabrics and articles embroidered * * * when composed wholly or in chief value of filaments, yarns, threads, * * * 90 per centum ad valorem.

Said paragraph 1529 (a), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, so far as here pertinent, reads as follows:

Fabrics and articles (except wearing apparel), ornamented, but not in part of lace, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part:
    Wholly or in chief value of cotton_____70% ad val.
    Wholly or in chief value of vegetable
    fiber other than cotton:

\*      \*      \*      \*      \*      \*      \*

    Other_____70% ad val.

The stipulation hereinbefore quoted makes it clear that if the modification of said paragraph 1529 (a), as made in the General Agreement on Tariffs and Trade, supra, was in effect on August 9, 1951, the date the involved merchandise was entered, the said merchandise is dutiable, as claimed by the plaintiff herein, at the rate of 70 per centum ad valorem. It is, therefore, necessary for us to determine whether the modification of said paragraph 1529 (a), supra, made effective by the General Agreement on Tariffs and Trade, supra, was terminated, insofar as the involved merchandise is concerned, by Presidential Proclamation No. 2908 of October 12, 1950, T. D. 52587.

The pertinent part of section 350 (a), amending the Tariff Act of 1930, reads as follows:

(a) (2) To proclaim such modifications of existing duties and other import restrictions, or such additional import restrictions * * * of existing customs or excise treatment of any article covered by foreign trade agreements, as are required or appropriate to carry out any foreign trade agreement that the President has entered into hereunder * * *. *Provided*, That the President may suspend the application to articles the growth, produce, or manufacture of any country because of its discriminatory treatment of American commerce or because of other acts or policies which in his opinion tend to defeat the purposes set forth in this section; and the proclaimed duties and other import restrictions shall be in effect from and after such time as is specified in the proclamation. *The President may at any time terminate any such proclamation in whole or in part.* [Italics ours.]

Proclamation 2908 of October 12, 1950, so far as this case is concerned, reads as follows:

Now, THEREFORE, I, HARRY S. TRUMAN, President of the United States of America, acting under and by virtue of the authority vested in me by the Constitution and the statutes, including the said section 350 of the Tariff Act of 1930, as amended, do proclaim as follows:

PART I

The said proclamation of December 16, 1947, as amended and rectified, and the said proclamations supplemental thereto referred to in the second recital of this proclamation are hereby terminated to the extent that, on and after the sixtieth day following the date of this proclamation they shall be applied as though the items and parts of items identified in the sixth recital of this proclamation were deleted from Part I of Schedule XX of the said General Agreement * * *.

In the sixth recital of the proclamation of October 12, 1950, quoted in part above, the following appears: "1529 (a) [twelfth]." This is the provision which counsel for the plaintiff contends was not terminated by said proclamation 2908, *supra.*

It appears to be the contention of counsel for the plaintiff that because concessions were made effective before the Republic of China signed the Protocol of Provisional Application, and such concessions were not withheld under Article XXVII of the said General Agreement on Tariffs and Trade, *supra*, said Presidential proclamation 2908 was null and void and of no effect insofar as the involved merchandise is concerned.

When the President terminated, in part, the General Agreement on Tariffs and Trade, *supra*, by his proclamation 2908 of October 12, 1950, he did not limit such termination, as to the items therein identified, to the Republic of China alone, but made such termination applicable to all contracting parties, as though the items and parts of items identified in the sixth recital of proclamation 2908 were deleted from Part I of Schedule XX of the General Agreement on Tariffs and Trade, *supra.*

In view of the fact that the President's termination of the General Agreement on Tariffs and Trade, *supra*, as to the items therein identified, was not made applicable to China alone, but applied as well to all other contracting parties, the fact that concessions were made effective before the Republic of China signed the Protocol of Pro-

visional Application, and that such concessions were not withheld under Article XXVII of the General Agreement on Tariffs and Trade, *supra*, would not appear to be material. Counsel for the plaintiff, in its brief filed herein, makes the following statement with reference to section 350 of the Tariff Act of 1930, as amended:

Pursuant to this section and on October 30, 1947 the President entered into a trade agreement with the following named countries:

Commonwealth of Australia, Kingdom of Belgium, United States of Brazil, Burma, Canada, Ceylon. Republic of Chile, Republic of China, Republic of Cuba, Czechoslovak Republic, French Republic, India, Lebanon, Grand-Duchy of Luxemburg, Kingdom of the Netherlands, New Zealand, Kingdom of Norway, Pakistan, Southern Rhodesia, Syria, Union of South Africa, United Kingdom of Great Britain and Northern Ireland.

This agreement consisted of the General Agreement on Tariffs and Trade, and included nine annexes, twenty schedules and the related Protocol of Provisional Application of the General Agreement on Tariffs and Trade, and in addition the Final Act adopted at the conclusion of the Second Session of the United Nations Conference on Trade and Employment which authenticated the texts of such agreement and protocol (T. D. 51802).

An examination of the said General Agreement on Tariffs and Trade shows that as to each of the countries listed above, the President, acting under and by virtue of the authority vested in him by the Constitution and the statutes, including the said section 350 of the Tariff Act of 1930, as amended, made certain concessions as to tariff treatment to be accorded to those countries.

If the above concessions were legally made, then they existed as such, and were subject to termination, in whole or in part, by the President at any time under the authority contained in section 350 of the Tariff Act of 1930, as amended. If the above concessions were not legally made, then they at no time existed as such, and the plaintiff herein was at no time entitled to the reduced rate of duty here contended for.

In section 350 of the Tariff Act of 1930, as amended, the Congress has authorized and empowered the President to do three things, to wit: (1) Proclaim modifications of existing duties and other import restrictions; (2) suspend the application to articles the growth, produce, or manufacture of any country; and (3) "* * * at any time terminate any such proclamation in whole or in part."

In proclaiming such modifications of existing duties and other import restrictions, the President must find that such modifications are required or appropriate to carry out any foreign trade agreement which he has entered into under section 350 of the Tariff Act of 1930, as amended. His act suspending a foreign trade agreement must be based upon a finding of "* * * discriminatory treatment of American commerce or because of other acts or policies which in his opinion tend to defeat the purposes set forth in this section; * * *."

However, when the Congress authorized the President to terminate trade agreements with foreign countries, it did so without restraint or restriction of any kind by use of the clear and definite language: "The President may at any time terminate any such proclamation in whole or in part."

The President, in proclamation 2908, makes it clear that, in terminating the General Agreement on Tariffs and Trade, in part, as herein before set out, he acted "under and by virtue of the authority vested in me by the Constitution and the statutes, including the said section 350 of the Tariff Act of 1930, as amended." The President also makes it clear that, acting under the above authority, his proclamation of December 16, 1947, was "terminated to the extent that, on and after the sixtieth day following the date of this proclamation they shall be applied as though the items and parts of items identified in the sixth recital of this proclamation were deleted from Part I of Schedule XX of the said General Agreement * * * ."

Counsel for the plaintiff appears to place much reliance upon Article XXVII of the General Agreement on Tariffs and Trade, which is as follows:

Any contracting party shall at any time be free to withhold or to withdraw in whole or in part any concession, provided for in the appropriate Schedule annexed to this Agreement, in respect of which such contracting party determines that it was initially negotiated with a government which has not become, or has ceased to be, a contracting party. The contracting party taking such action shall give notice to all other contracting parties and, upon request, consult with the contracting parties which have a substantial interest in the product concerned.

Counsel for the plaintiff then states that:

As a result of this action on the part of the President we find a rate of duty or concession suspended or revoked as against *all* countries notwithstanding the fact:

(1) that the concession in question became effective *before* the country with whom it is now (for the first time) alleged the concession was made, even signed the agreement (T. D. 51802).

(2) that the concession was *not* withheld under Article XXVII because of the failure of the Republic of China or anyone else to sign (T. D. 51802).

(3) that when the said Republic of China did sign, the concession in question was *not listed* as then becoming effective by reason of said signing (T. D. 51909).

Under Article XXVII of the General Agreement on Tariffs and Trade, *supra*, any contracting party shall be free to withhold or withdraw, *at any time*, in whole or in part, any concession provided for in the appropriate schedule of the agreement, in respect of which such contracting party determines that it was initially negotiated with a government which has not become, or has ceased to be, a a contracting party.

In view of the provisions of Article XXVII, *supra*, it would appear to be of little consequence that the concession in question might

have become effective before the country with which it was made signed the agreement, or that the concession was not withheld under said Article XXVII because of the failure of China or any one else to sign, or that when China did sign, the concession in question was not listed as then becoming effective by reason of said signing.

We find nothing in proclamation 2908 which suggests that the President suspended or revoked a rate of duty or concession against any country. Said proclamation makes it clear that certain rates of duty were terminated as against all contracting parties. Such action is specifically authorized by section 350 of the Tariff Act of 1930, as amended. We observe nothing in the General Agreement on Tariffs and Trade, *supra*, which would prevent one country, for reasons sufficient unto itself, from making effective to another certain concessions before that other country signed the agreement.

However, if it should be held that because certain concessions granted to the Republic of China prior to the time the Republic of China signed the General Agreement on Tariffs and Trade, nullified such concessions, this would be of no assistance to the plaintiff herein. The President, by proclamation 2908, terminated, in part, hereinbefore specified, the General Agreement on Tariffs and Trade, not only as to the Republic of China, but also as to all other parties to the said agreement. This termination appears to have been accomplished in strict compliance with the mandate of Congress as provided in section 350 of the Tariff Act of 1930, as amended. Therefore, at the date of the entry of the involved merchandise, there was in effect no agreement with any country reducing the rate of duty on the involved merchandise from 90 per centum to 70 per centum.

The mere fact that when the Republic of China did sign the General Agreement on Tariffs and Trade, the concession in question was not listed as then becoming effective by reason of said signing, could in no wise impair or nullify the act of the President in terminating said agreement with all countries as to the items and parts of items identified in the sixth recital of proclamation 2908.

For the reasons stated, we hold proclamation 2908 to be a valid proclamation, since it was made in compliance with and by virtue of the authority vested in the President by the Constitution and the statutes, including section 350 of the Tariff Act of 1930, as amended, which specifically provides, without qualifying words, that "The President may at any time terminate any such proclamation in whole or in part."

From the foregoing, it logically follows that all claims of the plaintiff in this suit must be, and the same are hereby, overruled. Judgment will be rendered accordingly.